UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN –SOUTHERN DIVISION

**CLIFTON ALLEN MAUNEY,**
    Plaintiff

CASE NO.
v.    HON.

**NEXAIR MECHANICAL CORPORATION**
    Defendant
_____/
KELLER & AVADENKA, P.C.
By Barry F. Keller (P15806)
Ann Marie Pervan (P45213)
Attorneys for Plaintiff
2242 S. Telegraph Road, Suite 100
Bloomfield Hills, MI 48302
(248) 335 9266
FAX (248) 335 6128
annmarie@kellerandavadenka.com
_____/

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**

**29 U.S.C. Sec 201 et seq., DAVIS-BACON ACT, 40 U.S.C. SEC. 3141 et seq., and the Michigan Prevailing Wage Act. Act 166 of 1965**

NOW COMES Plaintiff, by and through his attorneys Keller & Avadenka P.C., and states the following as his Complaint:

**INTRODUCTION**

1. This is an action for relief from Defendants' violation of Plaintiff's workplace rights. Defendant, based on information and belief violated both federal and state wage and hour laws. Plaintiff was misclassified in his work assignment receiving less than the Prevailing Wage Rate for the work that he performed for Defendant from October 2016 up to the date of his last employment in January 2019.

1

2. Plaintiff worked for Defendant for more than three years, during which time Defendant misclassified Plaintiff, and did not correctly pay him his prevailing wage rate as required by both Federal and State laws.

3. Plaintiff and Defendant's president, after working for Defendant for approximately two years, entered into a verbal agreement for an increase in his hourly wage rate to $32.00 per hour which was never honored by his employer.

4. Plaintiff is a resident of the City of Canton, County of Wayne, State of Michigan.

5. Defendant NEXAIR MECHANICAL CORPORATION is a Michigan Corporation, with corporate offices located at

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331,1337, and Sec 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 USC Sec. 201 et seq.

7. This Court has supplemental jurisdiction over the related state law pursuant to 28 USC Sec. 1367 because the Michigan Prevailing Wage Act and the Common law of the State of Michigan form part of the same controversy or cause of action under Michigan law.

8. Pursuant to 28 USC Sec 1391(b) and Civil Local Rule, venue is proper in the Eastern District, Southern Division of Michigan, and the unlawful practices giving rise to this claim occurred within this district. Venue is proper under 31 U.S.C. Sec 3729-3733 because Plaintiff, based on information and belief, believes the Defendant, their agents, and employees knowingly submitted claims by misclassifying their employees on work assignments at sites identified in paragraph 12 of this complaint.

## COMMON ALLEGATIONS

9. Plaintiff hereby incorporates by reference each and every paragraph above as if fully restated herein.

10. Plaintiff was employed by Defendant from March 2015 thru February 4, 2019 when he ceased working for Defendant because of a wage dispute related to his hourly compensation.

11. Plaintiff was employed by the Defendant to perform HVAC work. Defendant had Plaintiff perform work outside of classification and misclassified Plaintiff when he worked on various assignments subject to the Michigan Prevailing Wage Act.

12. Plaintiff received compensation less than other co-workers when performing similar work subject to the Michigan Prevailing Wage Act.

13. Plaintiff performed work, subject to the Michigan Prevailing Wage Act, at the following sites (This list is not all inclusive, and may be amended as a result of Defendants responses to Plaintiff's interrogatories).

    a. Pearson Elementary School-South Lyon
    b. Berkley Schools
    c. Franklin High School-Livonia
    d. L'Anse Creuse High School
    e. Woodhaven High School
    f. Troy Early Childhood Development Center

14. Plaintiff was misclassified, receiving compensation at a rate than the rate for work performed. Plaintiff was classified as a HVACR, and performed work on various assignments as a pipefitter.

## CLAIMS

15. Plaintiff hereby incorporates by reference each and every paragraph above as if fully restated herein.

16. Plaintiff and Defendant entered into a verbal agreement in January 2017 to increase his wages to thirty-two dollars per hour which Defendant failed to honor.

17. Plaintiff claims that Defendant is indebted to him for outstanding wage claims in excess of the sum of Ten Thousand Dollars ($10,000.00).

18. Plaintiff was employed by Defendant on various jobs at sites identified more particularly in paragraph 12 of the Complaint. Defendant misclassified Plaintiff in violation of the Michigan Prevailing Wage Act, and 23 U.S.C. 113, paying Plaintiff wages at a rate less than required by the Prevailing Wage Rate requirements.

19. The work performed as identified in Paragraph 12 of this complaint was performed between October 2016 and February 4, 2019. Plaintiff is entitled to rely on a three year statute of limitations for work performed outside of his classification because Plaintiff believes that Defendant or his agents, and employees misclassified Plaintiff's work assignments.

20. Plaintiff has requested and has not received a copy of his entire personnel file, including his classification and wage rate for the work performed at each site identified in Paragraph 12 of this complaint.

21. Plaintiff, based on information and belief, believes that he has wage claims including claims for not receiving his correct hourly wage rate, overtime claims, and Prevailing Wage Claims which exceed the sum of Twenty-Thousand Dollars ($20,000.00), exclusive of interest, cost, and attorney fees.

## RELIEF

Wherefore Plaintiff prays for the following relief:

1. A complete and accurate accounting of all earnings earned while performing work from January 2017 thru January 2019.

2. A detailed accounting of Plaintiff's wage rate for each classification of work performed by Plaintiff from October 2016 thru January 2019.

3. A detailed summary of each classification of work performed by Plaintiff on each site identified in Paragraph 12 of this complaint.

4. Reasonable Attorney fees and cost as permitted pursuant to the FLSA.

        Respectfully submitted,
        KELLER & AVADENKA, P.C.

        /s/Barry F. Keller
        Barry F. Keller (P-15806)
        Ann Marie Pervan (P-45213)
        Attorneys for Plaintiff
        2242 S. Telegraph RD., Ste. 100
        Bloomfield Hills, MI 48302
        Tel#: 248-335-9266
        Fax#: 248-335-6128
        barry@kellerandavadenka.com

Dated:   July 25, 2019